IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FREDERICK JAMES SKAGGS, | ) | 8:11CV374 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAVID SANKY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on October 31, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.      SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against three Defendants, who Plaintiff identifies as law enforcement officers from Nebraska, Florida, and California. (Filing No. 1 at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that he was convicted of kidnapping, attempted forcible rape, robbery, and unlawful driving or taking of a vehicle in California state court in 1985. (*Id.* at CM/ECF p. 7.) Plaintiff subsequently violated both his probation and parole, leading to additional periods of incarceration. (*Id.* at CM/ECF pp. 7-8.) During his parole, California and Nebraska agreed to transfer the supervision of Plaintiff from California to Nebraska under the terms of the "Interstate Compact for Parole and Probation." (*Id.*) Plaintiff alleges that, at the time of his parole transfer, the requirement that he register as a sex offender was "removed." (*Id.* at CM/ECF p. 8.) Plaintiff has since been arrested twice in Nebraska for failure to register as a sex offender, and once in Florida for the same offense. (*Id.* at CM/ECF pp. 9-11.) Plaintiff alleges that these arrests, and the requirement that he

register as a sex offender in Florida, violate the "Interstate Compact," because registration in California was not required. (*Id.* at CM/ECF pp. 11-13.) As such, Nebraska and Florida have violated the "Interstate Compact" and Plaintiff's rights thereunder. (*Id.* at CM/ECF pp. 19-23.) Plaintiff requests an injunction "to make the states honor the Interstate Compact" and remove him "from sex offender registry." (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff brings his claims under the "Interstate Compact for Parole and Probation," which the court liberally construes as bringing claims under the Interstate

2

Compact for Adult Offender Supervision ("ICAOS"). Neb. Rev. Stat. § 29-2640; *see also* 4 U.S.C. § 112. The court is mindful of the fact that it does not possess authority in a civil rights case to review or alter final judgments of a state-court judicial proceeding. Indeed, the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In short, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so.

The court notes that the claims set forth in the Complaint are nearly-identical to those recently raised by Plaintiff in, and rejected by, the Nebraska state courts. *See Skaggs v. Nebraska State Patrol*, 804 N.W.2d 611, 611 (Neb. 2011). In particular, Plaintiff argued in the Nebraska Supreme Court that he was not required to register because California removed that requirement at the time of his parole transfer. *Id.* at 616. Plaintiff also sought identical relief to that sought here–removal from the sex offender registry. *Id.* at 613-14. The Nebraska Supreme Court rejected Plaintiff's claims in their entirety, finding that he must register under Nebraska state law, under California state law, and under Florida state law. *Id.* at 616. As set forth above, the court has no jurisdiction to grant Plaintiff the relief he seeks, as such relief would require the court to reverse or otherwise alter the state-court decision with respect to the requirement that Plaintiff register as a sex offender in these three states. As such, the Complaint is dismissed.[1]

---

[1]The court also notes that, even if *Rooker-Feldman* permitted review of Plaintiff's claim, at least one circuit court has determined that ICAOS does not afford a private right of action for individuals seeking to be removed from a sex offender registry. *M.F. v. State of New York Exec. Dep't Division of Parole*, 640 F.3d 491, 495-97 (3d Cir. 2011) (dismissing the plaintiff's constitutional and ICAOS claims relating to his sex offender registration because ICAOS "is solely an agreement

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

3. All pending motions are denied.

DATED this 25th day of January, 2012.

> BY THE COURT:
>
> *Richard G. Kopf*
> United States District Judge

---

between states" and does not afford a private right of action for challenging sex offender registration requirements).

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.